JACOB MARYANOV and Another, Copartners, Trading as AMERICAN SHIRT AND OVERALL MANUFACTURING COMPANY, Appellants, v. MORRIS JANOWITCH, Respondent.

First Department, February 3, 1928.

Contracts — breach — three causes of action based on one contract — proof as to two causes relates to another contract — proof as to other cause tends to show money had and received — no amendment to conform to proof — counterclaim based on balance due — defendant failed to show compliance with contract — reply contained denials and alleged res judicata — res judicata based on foreign judgment — on new trial evidence may be introduced to show foreign judgment adjudicated question in counterclaim — error to strike out entire reply.

The plaintiffs seek to recover damages for alleged breach of contract by defendant to manufacture shirts from material to be furnished by the plaintiffs. The proof as to two causes of action related to a second contract and the proof as to another cause of action tended to show money had and received instead of breach. No amendment was asked to make the pleadings conform to the proof but this may be done on a new trial.

The defendant interposed a counterclaim for an alleged balance due in the manufacture of the shirts. To this the plaintiffs replied that the question of the right of the defendant to recover was adjudicated in a replevin action in Pennsylvania instituted by the plaintiffs to recover possession of certain material in which the defendant interposed the same counterclaim and in which defendant did not recover. It is uncertain whether the Pennsylvania court denied defendant recovery because he had no lien or because it held that work and labor forming the basis of the counterclaim had not been done. Upon a new trial proof as to the particular goods upon which the labor was expended, now the basis of the counterclaim, and the theory of the judgment in the replevin suit, will be admissible.

Defendant cannot recover on the counterclaim, since it was incumbent on him to prove by competent evidence the performance of the contract, and more particularly that he made up and delivered to the plaintiffs the goods in question. Proof of that fact was not made by testimony of a bookkeeper as to entries showing manufacture and shipment without any preliminary proof showing the basis and validity of the entries.

It was error for the court to strike out the entire reply, for the plaintiffs were at least entitled to the benefit of their denials, even though the defense of res judicata was of no avail.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of January, 1927.

*Abraham Rickman* of counsel [*Max Silverstein,* attorney], for the appellants.

*Cecil B. Ruskay,* for the respondent.

O'MALLEY, J. The plaintiffs are copartners engaged in the manufacture of shirts and overalls. The defendant is a manu-

facturer with a plant at Mahanoy City, Penn. Under date of February 7, 1921, the parties made a contract whereby the defendant agreed to manufacture for the plaintiffs 15,000 dozen shirts out of material to be furnished by the plaintiffs. The shirts were to be cut and manufactured in accordance with instructions and dimensions to be furnished by the plaintiffs at the agreed price of one dollar and fifty cents per dozen. The defendant was to make the shirts at the rate of 1,250 dozen a week until the contract quantity was completed, and was to deliver the finished product at the plaintiffs' plant at Frackville, Penn.

On April 12, 1921, another contract between the parties was made. By its terms, the plaintiffs agreed to pay the price of one dollar and eighty cents a dozen after May 1, 1921, and the defendant was to supply the plaintiffs with the entire production of his factory during the period of the contract which was to continue for one year. There was provision for an adjustment of the price at the end of every two months' period during the term of the contract upon the basis of the prevailing market price for such work. The plaintiffs were to pay the defendant for the work " upon receipt of finished shirts, ready to be pressed."

The complaint contains four causes of action, all based on the contract of February 7, 1921. In the first, the plaintiffs seek to recover damages because of the alleged breach of the defendant to manufacture and deliver 15,000 dozen shirts under and according to the terms of such contract; in the second, damages for depreciation in the value of plaintiffs' merchandise while it remained in the defendant's possession unmanufactured; in the third, damages for expenses incurred by the plaintiffs in connection with freight charges for shipping and reshipping such portions of plaintiffs' merchandise as were not manufactured by the defendant. The fourth was for the conversion of some of plaintiffs' merchandise.

The defendant's amended answer, in addition to the denials and defenses, sets up a counterclaim in the sum of $5,438.62, for money claimed to be due to the defendant from plaintiffs for work, labor and services performed, and for expenses in connection therewith. Plaintiffs interposed a reply containing denials and a separate defense which alleged in substance that the matters involved in the counterclaim were adjudicated by the Court of Common Pleas in the State of Pennsylvania in favor of the plaintiffs and against the defendant and that by reason of such action and judgment the matters comprised in the counterclaim were *res adjudicata.*

In support of their first cause of action plaintiffs' evidence tended to show that of the 15,000 dozen shirts required to be delivered

MARYANOV *v.* JANOWITCH.

under the first contract the defendant charged the contract rate of one dollar and fifty cents a dozen upon only 2,000 dozen and charged one dollar and eighty cents on the balance of 13,000 dozen, or an overcharge of thirty cents a dozen. In support of their second cause of action their evidence tended to show that the defendant breached the contract of April 12, 1921, by delay in performance and refusal to perform and that as a result the market value of the material delivered by the plaintiffs to the defendant under this contract depreciated during such period of delay. In support of the third cause of action evidence was offered tending to show expenses incurred in shipping and reshipping goods not manufactured by the defendant under the second contract. The fourth was withdrawn.

The defendant denied any breach of either contract. His claim was that the original contract of February 7, 1921, was modified by verbal agreement, whereby he was permitted to charge in excess of the contract price, and that the second contract and the increased price therein provided was made because the plaintiffs desired to secure the entire output of the defendant's plant. His evidence tended to show that he ceased work under the second contract only because the plaintiffs refused to agree to an adjustment of prices at the expiration of the first two months and also neglected and refused to make further payments to the defendant. For these reasons the defendant refused to further perform.

The appellants seek to reverse the judgment and ask for a new trial of all the issues. Certainly the judgment in defendant's favor cannot stand because it is without competent proof to support it. We think, too, that the interests of justice require a retrial of all the issues.

As already noted, plaintiffs' proof in support of their second and third causes of action seems to have been based upon a breach of the second, rather than the first contract between the parties. No amendment to conform to the proof appears to have been made. If necessary upon a new trial, however, such defect may be supplied by amendment. So, too, with respect to the first cause of action if the proof tends to show money had and received rather than breach of contract.

Under the contracts between the parties the defendant was obligated to deliver the finished shirts to the plaintiffs at their Frackville plant. The defendant's counterclaim was based upon the claim of a balance due. To establish such balance it was incumbent upon him to prove by competent evidence the performance of the contract and more particularly that he made up and shipped and delivered to the plaintiffs the goods in accordance

with the contracts. However, there was no competent proof of such facts in the record. The defendant's bookkeeper testified to entries made by her in the defendant's books of account. True, she testified that the books were accurately kept and that the entries were properly made, but concededly she had no knowledge of the facts upon which such entries were based. She was unable to testify that any of the goods respecting which entries were made were ever actually manufactured or shipped to the plaintiffs. While plaintiffs' counsel did not object to the introduction in evidence of the book entries, he did specifically object to their consideration as evidence of the manufacture and shipment of the goods. In these circumstances there was no competent proof of one of the essential elements of the defendant's counterclaim. Moreover, the court seems to have stricken out the reply entirely. The plaintiffs were at least entitled to the benefit of its denials, even though the defense of *res adjudicata* was of no avail.

But, as to this defense, we do not entirely agree with the view adopted by the learned trial justice. It appears that after the defendant ceased work under the contracts in question, there were in his possession fifteen cases of uncut and ninety-five cases of cut material belonging to the plaintiffs. Possession of these was taken by the plaintiffs in a replevin action in the State of Pennsylvania. The proceedings disclose that the plaintiffs in their declaration alleged that the defendant had been fully compensated for any work done by him upon the material which was the subject of the suit. The defendant appeared and answered. He denied that he had been paid and alleged that there was due him for work performed upon the goods the sum of $5,438.62, which is the precise sum alleged in the counterclaim herein to be due. He further alleged that he had a lien to the extent of the sum owing and was by reason thereof entitled to possession of the goods, and further that he was willing to surrender such possession upon payment of the amount claimed.

The record discloses that after a jury was impanelled the court directed a verdict awarding the goods described in the writ to the plaintiffs. The defendant called the attorney who represented him in the replevin action. His testimony tended to show that the judgment was not on the merits and that the court directed a verdict in favor of the plaintiffs and awarded them possession on the ground that no lien was held by the defendant upon the particular goods. While the witness admitted that the defendant claimed a lien in the sum made the basis of the counterclaim herein and demanded judgment therefor, he testified that the suit was dismissed for want of a lien, the court stating that the defendant

32

would have to bring an action in assumpsit for the amount of his claim, and that immediately thereafter the defendant brought such suit in Pennsylvania against the plaintiffs.

Such disposition of the replevin suit would be predicated on either of two theories: (1) That under the Pennsylvania laws no lien statutory or at common law would attach to the goods in question, or (2) that the defendant had failed to prove that work, labor and services had been performed on the identical goods that were the subject of the levy. In either case the Pennsylvania judgment would not be *res adjudicata* as to work, labor and services performed or the value thereof. If the Pennsylvania judgment was thus predicated upon the absence of a lien, there was no final adjudication upon the merits that the work, labor and services were not actually rendered. The judgment, therefore, would not be conclusive here. Denying a lien merely, it was not on the merits, and was without prejudice to an action in assumpsit for work, labor and services.

If on the other hand it should be made to appear that the lien was disallowed because it conclusively appeared from all the evidence that there in fact was no sum whatever due to the defendant for work, labor and services, the judgment would be *res adjudicata*. To the extent, therefore, that any sum now claimed to be due the defendant represents services performed on the particular goods replevied, we think the plaintiffs' contention is sound. Upon the new trial, therefore, proof as to the particular goods upon which the services, now the basis of the counterclaim, were rendered, and the theory of the judgment in the replevin suit, will be competent.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.